**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

               Plaintiff,

v.                                         Case No:  6:12-cv-275-Orl-36DAB

CELLCO PARTNERSHIP, d/b/a
"Verizon Wireless,"

               Defendant.

_____/

## <u>ORDER</u>

This cause comes before the Court upon Defendant Cellco Partnership d/b/a Verizon Wireless' ("Verizon" or "Defendant") Motion to Dismiss Complaint ("Motion to Dismiss") (Doc. 11).  Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff") filed a Memorandum in Opposition to the Motion to Dismiss ("Response") (Doc. 17), to which Verizon replied (Doc. 21).  The Motion to Dismiss is ripe for review.  For the reasons that follow, Defendant's Motion to Dismiss will be granted in part and denied in part.

## I.    BACKGROUND

### A.  Facts[1]

Brandywine filed its Complaint in this action on February 21, 2012, alleging that Verizon infringes upon U.S. Patent Numbers 5,719,922 (" '922 Patent") and 6,236,717 (" '717 Patent") in violation of 35 U.S.C. § 271(a), (b), and (c) (Doc. 1).  Brandywine is a patent holding limited liability company with its principal place of business in Villanova, Pennsylvania.  *Id.* ¶ 2.

---

[1] The following statement of facts is derived from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must take as true in ruling on a motion to dismiss.  *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Verizon is a Delaware corporation whose principal place of business is in Basking Ridge, New Jersey. *Id.* ¶ 3.

### i. Alleged Infringement of the '922 Patent

On February 17, 1998, the '922 Patent, entitled "Simultaneous Voice/Data Answering Machine," was legally issued by the United States Patent and Trademark Office ("USPTO") to Gordon Bremer and Richard Kent Smith (collectively, "the '922 Inventors"). The '922 Patent has subsequently been assigned to Plaintiff. *Id.* ¶ 9. Verizon has had actual knowledge of the '922 Patent, and its alleged infringement of that patent, since at least October 3, 2011, when Verizon was served with Plaintiff's original complaint in *Brandywine Communications Technologies, LLC v. Apple, Inc., et al.*, Case 6:11-cv-1512-36DAB (M.D. Fla. 2011). *Id.* ¶ 10. Verizon has also had knowledge since December 13, 2011, when Plaintiff sent a letter that provided notice of Verizon's infringement of the '922 Patent. *Id*.

Plaintiff alleges that Verizon has and continues to directly and indirectly infringe on one or more claims of the '922 Patent by "making, using, selling, offering to sell, services and products that infringe and/or perform processes that infringe one or more claims of the '922 Patent." *Id.* ¶ 11. Plaintiff accuses Verizon's product, the Apple iPhone 4, of infringing the '922 Patent, and also accuses Verizon of "providing services, such as voicemail to handsets." *Id.* ¶ 12.[2] Also, Verizon has committed joint infringement of the '922 Patent, because Verizon and its handset makers, including Apple Inc., have, acting jointly, infringed and continue to infringe on at least claim 7 of the '922 Patent. *Id.* ¶ 13. Plaintiff alleges that Verizon's continued infringement, despite its knowledge of the '922 Patent and Plaintiff's accusations of infringement, has been objectively reckless and willful. *Id.* ¶ 14.

---

[2] Although only naming one Verizon product, Plaintiff alleges that this list is not exhaustive. Doc. 1, ¶ 12.

Plaintiff further alleges that since at least October 3, 2011, Verizon has committed and continues to commit acts of contributory infringement of at least claims 1 and 7 of the '922 Patent under 35 U.S.C. § 271(c), because Verizon has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including the Apple iPhone 4. *Id.* ¶¶ 15-16. Plaintiff argues that the Apple iPhone 4, and services, such as voicemail, have no substantial non-infringing uses, and are especially adapted to work in a system or carry out a method claimed in the '922 Patent. *Id.* Verizon provides such product and services to its customers, whose use of such products constitutes direct infringement of at least claim 1 of the '922 Patent. *Id.* ¶ 15. Verizon also provides such product and services to its handset makers, including, but not limited to Apple Inc., whose use constitutes direct infringement of at least claim 7 of the '922 Patent, and where its handset makers' customers' use of such product and services constitutes direct infringement of at least claim 7 of the '922 Patent. *Id.* ¶ 16.

Additionally, Plaintiff alleges that Verizon has induced and continues to induce others to infringe at least claims 1 and 7 of the '922 Patent under 35 U.S.C. § 271(b), by "actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of claim 1 of the '922 Patent", and "its handset makers, such as Apple Inc., whose use of such services constitutes direct infringement of claim 7 of the '922 Patent." *Id.* ¶¶ 17-18. Verizon's alleged aiding and abetting includes marketing and promoting the sale of the Apple iPhone 4 and products by others, such as Apple Inc. *Id.* ¶ 18.

Brandywine alleges it has and continues to suffer damages due to Verizon's infringement, contributory infringement, and inducement of infringement of the '922 Patent. *Id.* ¶ 19.

### ii.   Alleged Infringement of the '717 Patent

On May 22, 2001, the '717 Patent, entitled "Simultaneous Voice/Data Answering Machine," was legally issued by the USPTO to Gordon Bremer and Richard Kent Smith (collectively "the '717 Inventors"), and has subsequently been assigned to Plaintiff. *Id.* ¶ 21. Verizon has had actual knowledge of the '717 Patent, and its alleged infringement of that patent, since at least October 3, 2011, when Verizon was served with Plaintiff's original complaint in *Brandywine Communications Technologies, LLC v. Apple, Inc., et al.*, Case 6:11-cv-1512-36DAB (M.D. Fla. 2011). *Id.* ¶ 22. Also, Verizon has had knowledge since December 13, 2011, when Plaintiff sent a letter that provided notice of Verizon's infringement of the '717 Patent. *Id.* Plaintiff alleges that Verizon has and continues to directly and indirectly infringe on one or more claims of the '717 Patent by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 Patent. *Id.* ¶ 23.   Plaintiff accuses Verizon's product, the Apple iPhone 4, of infringing the '717 Patent, and also accuses Verizon of "providing services, such as voicemail to handsets." *Id.* ¶ 24.[3]

Brandywine alleges that Verizon has committed joint infringement of the '717 Patent, because Verizon and its handset makers, including Apple Inc., have, acting jointly, infringed and continue to infringe on at least claim 15 of the '717 Patent. *Id.* ¶ 25.   Plaintiff alleges that Verizon's continued infringement, despite its knowledge of the '717 Patent and Plaintiff's accusations of infringement, has been objectively reckless and willful. *Id.* ¶ 26.

---

[3] Although only naming one Verizon product, Plaintiff alleges that this list is not exclusive.  Doc. 1, ¶ 24.

Plaintiff further alleges that since at least October 3, 2011, Verizon has committed and continues to commit acts of contributory infringement of at least claims 1 and 15 of the '717 Patent in violation of 35 U.S.C. § 271(c), because Verizon has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including the '717 Accused Products. *Id.* ¶¶ 27-28. Plaintiff argues that the Apple iPhone 4, and services, such as voicemail, have no substantial non-infringing uses, and are especially adapted to work in a system or carry out a method claimed in the '717 Patent, for example by claims 1 and 15. *Id.* Verizon provides this product and these services to its customers, whose use constitutes direct infringement of at least claim 1 of the '717 Patent. *Id.* ¶ 27. Verizon also provides such product and services to its handset makers, including, but not limited to Apple Inc., whose use constitutes direct infringement of at least claim 15 of the '717 Patent, and where its handset makers' customers' use of such product and services constitutes direct infringement of at least claim 15 of the '717 Patent. *Id.* ¶ 28.

Additionally, Plaintiff alleges that Verizon has induced and continues to induce others to infringe at least claims 1 and 15 of the '717 Patent under 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and product constitutes direct infringement of claim 1 of the '717 Patent, and its handset makers, such as Apple Inc., whose use of such product and services constitutes direct infringement of claim 15 of the '717 Patent, and where its handset makers' customers' use of such product and services constitutes direct infringement of at least claim 15 of the '922 Patent. *Id.* ¶¶ 29-30. Verizon's alleged aiding and abetting includes advertising, instructing, and/or supporting the consumers' directly infringing use, and marketing and promoting the sale of Verizon accused product and services by others, such as Apple Inc. *Id.*

Brandywine alleges it has and continues to suffer damages because of Verizon's infringement, contributory infringement, and inducement of infringement of the '717 Patent. *Id.* ¶ 31.

## B.  Procedural History

On September 13, 2011, Plaintiff filed a complaint asserting infringement of the '922 and '717 Patents against Verizon and twenty-three other defendants. *See Brandywine Communications Technologies, LLC v. Apple et al.*, 6:11-cv-1512-Orl-35DAB, at Doc. 1.  The Court severed the case into separate actions.  *Id.* at Doc. 4.  Consequently, Plaintiff filed its Complaint in this action on February 21, 2012 (Doc. 1).  The instant Motion to Dismiss followed.

## II.  STANDARD

Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues.  *See In re Bill of Lading*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit."); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits."); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit.").

To survive a motion to dismiss, a pleading must comply with Fed. R. Civ. P. 8(a)(2) by including a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Labels, conclusions and

formulaic recitations of the elements of a cause of action are not sufficient.  *Bell Atlantic Corp,*

*et al. v. Twombly, et al.*, 550 U.S. 544, 555 (2007).   Mere naked assertions, too, are not

sufficient.  *Id.*  A complaint must contain sufficient factual matter, which, if accepted as true,

would "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (*citing*

*Twombly*, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*  In deciding a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe

them in the light most favorable to the plaintiff.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260,

1269 (11th Cir. 2009).  The court, however, is not bound to accept as true a legal conclusion

stated as a "factual allegation" in the complaint.  *Iqbal*, 556 U.S. at 678.  Thus, "only a complaint

that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.

## III.    ANALYSIS

In its Motion to Dismiss, Verizon argues that the Court should dismiss Plaintiff's claims

of direct infringement pursuant to 35 U.S.C. § 271(a), induced infringement pursuant to 35

U.S.C. § 271(b), and contributory infringement pursuant to 35 U.S.C. § 271(c) for failure to state

a claim upon which relief may be granted.  Doc. 11, pp. 5-16.

### A.  Brandywine adequately pleads direct infringement

Verizon argues that Brandywine's Complaint fails to put it on notice of what Brandywine

contends infringes on the two patents-in-suit.  *Id.* at 6.  Specifically, Verizon maintains that

Brandywine must allege more than the existence of a valid patent, that a defendant sells a named

product, and the "bald conclusion that the product infringes the patent."  *Id.* at 7; *Twombly*, 550

U.S. at 566.  Verizon asserts that accusing it, a company engaged in providing telephone service, of "selling handsets, such as the Apple iPhone4, and/or providing services, such as voicemail, to handsets", is insufficiently vague and does not comply with the federal pleading requirements. *Id.* at 8-9; *see* Doc. 1, ¶¶ 12, 24; Fed. R. Civ. P. 8(a).  Further, Verizon argues that mere compliance with Form 18 of the Federal Rules of Civil Procedure is not necessarily adequate under *Twombly* and its progeny, and that here it is insufficient to put Verizon on notice of the claims against it.  *Id.* at 10; *Twombly*, 550 U.S. at 566.  Verizon cites cases from other Circuits where ambiguous references to classes of products were found inadequate to state a claim for direct infringement.  *Id.* at 7-8; *see Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, *4 (N.D. Cal. 2011) (dismissing complaint that referred to defendant's "computer chips, motherboards, computers, and other products" for failing to sufficiently identify infringing products); *see also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 1706136, *3 (N.D. Ill. 2001) (dismissing complaint because defendant "is entitled to be put on notice, with some specificity and clarity, which of its products are at issue in this suit, and which are not.").

In its Response, Brandywine fails to specifically address the adequacy of its claim of direct infringement against Verizon.[4]  Separately, in the context of indirect infringement, Brandywine contends that in the Eleventh Circuit, conformity with Form 18 is sufficient to plead a claim of direct, indirect, joint, or willful infringement.  Doc. 17, pp. 4-8.

The Federal Circuit's recent opinion in *In re Bill of Lading* provides persuasive authority affirming the pleading requirements for direct infringement.  *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012).  In addressing arguments similar to Verizon's argument, that Form 18 is

---

[4] Brandywine states that because the twelve motions to dismiss related to the '922 and '717 patents raise the same arguments, it responds to all twelve motions with a single Response.  *See* Doc. 17, p. 1.  Verizon is the only Defendant in the '922 and '717 group that moved to dismiss Brandywine's claims of direct infringement.  *See* Doc. 11.

deficient in light of *Twombly*, the Federal Circuit reiterated that the specificity required by Form 18 is adequate for alleging a claim of direct infringement. *Id.*, at 1335 ("As we held in *McZeal*, Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. Indeed, a plaintiff need not even identify which claims it asserts are being infringed.") (citing *McZeal*, 501 F.3d at 1356). Accordingly, a patentee claiming infringement need only: "(1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to the specific sections of patent law invoked." *Mesh Comm. LLC,* 2010 WL 750337, *4 (M.D. Fla. 2010) (citing *McZeal Corp.,* 501 F.3d at 1357). Here, Brandywine alleges that Verizon infringes by "making, using, selling, offering to sell, services and products that infringe and/or perform processes that infringe one or more claims" of the patents-in-suit. Doc. 1, ¶¶ 11, 23. Next, Brandywine identifies these infringing "services and products" as including "handsets, such as the Apple iPhone4, and/or providing services, such as voicemail, to handsets." *Id.* at ¶¶ 12, 24.

The Court agrees with Verizon that these claims are vague, particularly in light of the inclusive clauses and two-part construction. *See* Doc. 11, p. 7. Indeed, in affirming that compliance with Form 18 is sufficient to state a claim of direct infringement, the Federal Circuit reviewed complaints with more clarity than Brandywines' complaint. *In re Bill of Lading*, 681 F.3d at 1335.[5]   Nevertheless, the Federal Circuit confirmed that compliance with Form 18 is

---

[5] For example, the Qualcomm Amended Complaint alleges that defendant uses "In-Cab Scanning, the Mobile Computer Platform, and other services and devices to scan and wirelessly transmit bills-of-lading from inside the truck cab to the back office where advance loading manifests are prepared. Those actions constitute direct infringement of the '078 Patent." Another amended complaint states that the patent was being infringed by use of the patented method by specific Qualcomm customers, and referenced specific claim elements. *In re Bill of Lading*, 681 F.3d at 1335-36.

sufficient to allege direct infringement, and thus the cases Verizon cites evaluating the sufficiency of Form 18 in light of *Twombly* are unpersuasive. *See, e.g. Wistron Corp.*, 2011 WL 4079231, *4; *Trading Techs.*, 2011 WL 1706136, *3. Therefore, accepting all of the Complaint's allegations as true and construing them in the light most favorable to Brandywine, the Court finds that the Complaint sufficiently alleges that Verizon directly infringes upon Patents '922 and '717 by providing services, such as voicemail, to handsets, and by selling handsets, such as the iPhone 4. *See* Doc. 1, ¶¶ 11, 12, 23, 24; *Mazer*, 556 F.3d at 1269. Thus, Verizon's Motion to Dismiss is denied with respect to the claims of direct infringement.

## B. Compliance with Form 18 is insufficient to plead a claim of indirect infringement

A party is liable for induced infringement if it "actively induces infringement of a patent." 35 U.S.C. § 271(b). The Eleventh Circuit has determined that to prove inducement of infringement, a patentee must demonstrate that the accused infringer had the intent to cause the acts which constitute the infringement. *Mee Indus. v. Dow Chemical Co.*, 608 F.3d 1202, 1215 (11th Cir. 2010).

As a threshold matter, the parties dispute the requirements for pleading induced infringement, specifically whether compliance with Form 18 suffices at the pleading stage, and if Brandywine must demonstrate the alleged infringer had pre-suit knowledge of the patent and intent to cause others to infringe upon the patent. Doc. 11, pp. 11-12; Doc. 17, pp. 4-12.

As previously discussed, the Federal Circuit concluded that whereas fulfilling the requirements in Form 18 is sufficient to plead a claim of direct infringement, "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement" and a court must look to Supreme Court precedent for guidance regarding pleading requirements for claims of indirect infringement. *In re Bill of Lading*, 681 F.3d at

1336-37. Specifically, to state a claim for induced infringement, a plaintiff must affirmatively plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [patent] and knew that the customer's acts constituted infringement." *Id.* at 1339. Moreover, the Supreme Court has clarified that induced infringement requires "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

Brandywine maintains that the Federal Circuit's opinion in *In re Bill of Lading* is merely persuasive authority, and that "[t]he law of this Circuit is clear: the sufficiency of an indirect infringement claim is judged according to the same standard as direct infringement claims, which only need to comply with the minimal requirements of Form 18". Doc. 17, p. 8. However, in support of its contention that Form 18 is sufficient in this Circuit for pleading claims of induced infringement, Brandywine cites no Eleventh Circuit cases, and three distinguishable district court cases. *CBT Flint Partners, LLC v. Goodmail Systems, Inc.* 529 F.Supp. 2d 1376 (N.D. Ga. 2007); *Aspex Eyewear, Inc. v. Hardy Life, LLC*, 2010 WL 2926511 (S.D. Fla. 2010); *Minsburg International, Inc. v. Frontier Devices, Inc.,* 2011 WL 1326863 (M.D. Fla. 2011). Moreover, each of these cases predates both the Federal Circuit's contrary decision in *In re Lading*, and the Supreme Court's controlling opinion in *Global-Tech*.

In *CBT Flint*, after acknowledging that the Eleventh Circuit had not decided whether *Twombly* has altered pleading standards in the patent context, the court found that though Form 18 "only provides a model for pleading direct infringement, there is no principled reason, at least not one advanced by the Defendant, for requiring more factual detail when the claim is one for

contributory infringement." *CBT Flint Partners*, 529 F. Supp. 2d at 1380.  However, the *CBT Flint* court was motivated to accept plaintiff's limited complaint in part because of the Northern District of Georgia's extensive patent rules requiring "plaintiffs to disclose a great deal of extremely detailed information" early in a case.  *Id.* at 1380-81.

The *Aspex Eyewear* court found that plaintiff's allegation of inducement infringement was sufficient under the pleading standards.  2010 WL 2926511, *2.  Whereas the *Aspex* plaintiff alleged that two specific defendants were aiding and abetting infringement because the identified eyewear was being sold under their brand name, in this action, Brandywine makes a more ambiguous allegation.  *See* Doc. 1, ¶¶ 17, 29.[6]  Brandywine argues that the Federal Circuit's decision *In re Lading,* explicitly finding that Form 18 is insufficient to plead indirect infringement, is not controlling authority, while relying upon decisions like *Minsburg,* which interprets prior Federal Circuit opinions, to support its claim that Form 18 is sufficient in the Eleventh Circuit.  The *Minsburg* court applied the Federal Circuit's then current decision in *McZeal*, finding that plaintiff's claim for indirect infringement provided defendants "fair notice of what the … claim is and the grounds upon which it rests".  *Minsburg International, Inc.,* 2011 WL 1326863, *3.  Despite its claim, Brandywine has not shown that the Eleventh Circuit permits pleadings that merely comply with Form 18 to allege claims of induced infringement.  Indeed, both the persuasive decision in *In re Billing* and controlling Supreme Court authority *Global-*

---

[6] Plaintiff alleges that "since at least October 3, 2011, Verizon has induced and continues to induce others to infringe at least claim 1 of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of at least claim 1 of the '922 patent.  Verizon's aiding and abetting includes, for example, advertising, instructing, and/or supporting the consumers' directly infringing use."  Doc. 1, at ¶ 17.  Paragraph 29 regarding the '717 Patent is substantially identical.

*Tech* hold otherwise.  Accordingly, compliance with Form 18 is insufficient to plead a claim of induced infringement.

### C.  A claim of induced infringement requires showing pre-suit knowledge of the patent

A claim for induced infringement requires that the defendant "actively induces" infringement, which "requires knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2068.[7]  A plaintiff has the burden to demonstrate that the defendant was aware of the patent and actively and knowingly aided and abetted another's direct infringement.  *Id.*; *DSU Med. Corp. v. JMS Co.*, 471 F.3d at 1305.  Plaintiff maintains that it need not plead pre-suit knowledge of the patent in alleging indirect infringement.  Doc. 17, pp. 5-7.  In the alternative, Plaintiff argues that it does allege Defendant's pre-suit knowledge.  *Id.* at 7.

The weight of authority addressing the knowledge required for indirect infringement, especially following the Supreme Court's decision in *Global-Tech*, requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.  *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 357 (D. Del. 2010) (dismissing claims of indirect infringement because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"); *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of Plaintiff's Complaint."); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, *3 (W.D. Tex. 2011) ("To the extent Aguirre relies

---

[7] In order to establish a claim for induced infringement, the patentee must show that: (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement.  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1378 (Fed. Cir. 2005).

on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").[8]

Additionally, in *Zamora Radio, LLC v. Last.FM, Ltd.*, the court granted summary judgment on the claim of induced infringement, concluding that there could be no indirect infringement because "[plaintiff] has offered no evidence that Defendants had any pre-suit knowledge of the '399 Patent." *Zamora Radio, LLC v. Last.FM, Ltd*, 758 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010). Brandywine's argument that *Zamora* is inapplicable precedent because the court evaluates induced infringement upon a motion for summary judgment, is unpersuasive. Doc. 17, p. 6. Indeed, the *Zamora* court held that plaintiffs cannot establish induced infringement without demonstrating pre-suit knowledge of the patent-in-suit. *Zamora*, 758 F. Supp. 2d at 1257. Here, Brandywine has not even alleged such knowledge, and therefore could not establish the required element. Similarly, the *F & G Research, Inc. v. Google, Inc.* court notes that there is no evidence defendant received notice or otherwise knew of the patents before plaintiff's initial complaint was filed, and as such plaintiff's claim for inducement infringement failed. *F & G Research, Inc. v. Google, Inc.*, 2007 WL 2774031,*15 (S.D. Fla. 2007).

In its Response, Plaintiff does not cite any case within the Eleventh Circuit finding that knowledge of the patent can be acquired with the filing of a complaint. Moreover, the cases Plaintiff cites from outside the Circuit to support its proposition that pre-suit knowledge is not required to plead induced infringement predate the Supreme Court's ruling that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent

---

[8] Although Plaintiff correctly notes that the *Aguirre* court dismissed plaintiff's claims of contributory and indirect infringement for complete failure to plead the required knowledge, the court explains that to the extent plaintiffs rely on knowledge acquired by plaintiff's lawsuit, such knowledge is insufficient to plead the requisite knowledge for indirect infringement. *Aguirre*, 2011 WL 2471299 at *3.

infringement". [9],[10]   *Global-Tech*, 131 S. Ct. at 2068.   Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement.

Brandywine argues, in the alternative, that it does allege Verizon's pre-suit knowledge of the patents-in-suit.   Doc. 17, pp. 7-8.   Brandywine's argument is that because it filed a suit against Verizon and twenty-three other defendants on October 3, 2011, and following the Court's severance Order filed the operative Complaint, that Verizon had knowledge of the patents and alleged infringement at least as of October 3, 2011.   Doc. 17, p. 7; *see* Doc. 1, ¶¶ 10, 22.   This argument is unpersuasive.   Brandywine cannot avoid the pre-suit knowledge requirement by relying on either the Original Action or letters sent to Verizon during the pendency of the lawsuit, when the parties were already engaged in a dispute as to Verizon's alleged infringement.

### D.   Brandywine's claims of inducement infringement are insufficient for failure to plead requisite knowledge or intent

Having concluded that compliance with Form 18 is insufficient to plead indirect infringement, and that a plaintiff must allege pre-suit knowledge of the patent-in-suit to establish the scienter required for indirect infringement, it is evident that Brandywine fails to adequately plead induced infringement.   *In re Bill of Lading*, 681 F.3d at 1339; *Global-Tech Appliances, Inc.* 131 S. Ct. at 2068; *DSU Med. Corp.,* 471 F.3d at 1306 ("[I]nducement requires that the

---

[9] Indeed, Plaintiff fails to address the Supreme Court's authoritative clarification in *Global-Tech*, finding that induced infringement requires knowledge of the patent and "that the induced acts constitute patent infringement."   *Global-Tech*, 131 S. Ct. at 2068; Doc. 17, pp. 5-7.

[10] Compare *Global-Tech*'s Order dated May 31, 2011 to: *Broadcom Corp. v. Qualcomm*, 2007 U.S. Dist. LEXIS 62764, * 14 (C.D. Ca. 2007) (upholding a verdict against defendant for indirect infringement, finding that defendant's customer support practices showed specific intent that this assistance be used and that defendant had knowledge of the patent at least by the time of plaintiff's complaint); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Ca. 2009) (granting defendant's motion to dismiss counterclaims because of ambiguity).

alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). To establish a claim for induced infringement, a patentee must show that: (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement. *Zamora,* 758 F. Supp. 2d at 1248; *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). For induced infringement, "mere knowledge of possible infringement by others does not amount to inducement; specific intent and actions to induce infringement must be proven." *DSU Medical Corp.*, 471 F.3d at 1305.

Brandywine has not alleged either knowledge of the patents-in-suit before the litigation, or facts plausibly showing that Verizon specifically intended its customers to infringe the patents and knew that the customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339; *Global-Tech*, 131 S. Ct. at 2068. The Court agrees with Verizon that Brandywine's conclusory allegations that Verizon "actively and knowingly" induced infringement are inadequate to support the element requiring intent and active inducement. Doc. 1, ¶¶ 17, 18, 29, 30; Doc. 11, p. 12; *see Digitech Information Sys, Inc. v. Ally Financial, Inc.*, 2011 WL 3875407, *4 (M.D. Fla. 2011) (finding that pleading the phrase "actively induces others to infringe," alone, is conclusory when pleading induced infringement).[11] Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Moreover, having failed to allege pre-suit knowledge of the patents-in-suit,

---

[11] In its Response, Brandywine argues that *Digitech* is not relevant authority because the court examines whether plaintiff has made a *prima facie* showing of personal jurisdiction over defendant. Doc. 17, p. 10. However, in finding that plaintiff failed to adequately plead that defendant had committed tortious conduct in Florida, the *Digitech* court evaluates what is required to adequately plead induced infringement, indicating that alleging that a defendant "infringes and actively induces others to infringe", without more factual allegations, is insufficient. *Digitech*, 2011 WL 3875407, at *4. As such, *Digitech* supports Defendant's argument.

16

Brandywine has not demonstrated the requisite intent.  Therefore, because Brandywine does not plead pre-suit knowledge and provides formulaic recitations of the required element of "active inducement" under 35 U.S.C. § 271(b), its claims of induced infringement of the '922 and '717 Patents fail to state a claim upon which relief can be granted and will be dismissed.

### E.  Brandywine fails to plead a claim for contributory infringement

Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that "material or apparatus" is critical to practicing the invention, has no substantial non-infringing uses, and is known "to be especially made or especially adapted for use in the infringement of such patent."  35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337; *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). In *Global-Tech*, the Supreme Court clarified that "§ 271(c) requires knowledge of the existence of the patent that is infringed."  *Global-Tech,* 131 S. Ct. at 2067-68 (noting that "knowledge of the patent" has long been a requirement); *see also Aro Mfg. Co., Inc. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) ("§ 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component is especially designed was both patented and infringing.").  As discussed with respect to induced infringement, the Supreme Court's holding in *Global-Tech* that knowledge is required for indirect infringement is only meaningful if such knowledge is alleged prior to receipt of a complaint.[12,13]  In addition to pleading requisite knowledge of the patent-in-suit at the time of infringement, a claim for

---

[12] As discussed, the cases Plaintiff cites where a court permits knowledge of the patents-in-suit with the filing of the complaint were decided prior to *Global-Tech*'s clarification of the pleading requirements for patent lawsuits after *Iqbal* and *Twombly*.  Doc. 17, p. 13; *see, e.g.*, *CBT Flint Partners*, 529 F.Supp. 2d 1376 (N.D. Ga. 2007); *Aspex Eyewear*, 2010 WL 2926511 (S.D. Fla. 2010); *Minsburg,* 2011 WL 1326863 (M.D. Fla. 2011).

[13] Brandywine alleges that Verizon learned of the patents-in-suit in October 2011, with receipt of its complaint in the Original Action, *Brandywine Commc'ns Techs. LLC v. Apple, Inc. et al.*, 6:11-cv-1512-MSS-DAB.  *See* Doc. 1, ¶¶ 10, 22.

contributory infringement must plead acts allowing an inference that the components sold have no substantial non-infringing uses. *In re Bill of Lading*, 681 F.3d at 1337; *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005). The Federal Circuit held that in the context of contributory infringement, a substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.*, *citing Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009).

Verizon argues that Brandywine's claims of contributory infringement must be dismissed for failure to plead a claim upon which relief can be granted. Doc. 11, pp. 12-16; Fed. R. Civ. P. 12(b)(6). Specifically, Verizon maintains that section U.S.C. § 271(c) does not apply to "services", and that the Complaint does not allege what "component" allegedly has no substantially non-infringing uses and is "especially adapted to work in a system or carry out a certain method." *Id.*; 35 U.S.C. § 271(c). Brandywine maintains that its contributory infringement claims are sufficient. Doc. 17, pp. 10-12.

First, Verizon argues that § 271(c) squarely applies to materials, components, or apparatus, but not services. Doc. 11, pp. 13-14 (citing *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007) (rejecting patentee's argument that contributory infringement extends to the sale of a service, a reading that is "contrary to both the language and legislative history of section 271(c)."). In response, Brandywine claims that despite using the label "Accused Services and Products", its allegations of contributory infringement never point to a service by itself, but rather to a service, like voicemail, delivered as part of phones, through software installed on the phones. Doc. 17, p. 11. Brandywine concedes that while the sale of a service alone is not contributory infringement, Verizon is accused of selling a device containing software which enables the service, and this does constitute

contributory infringement.  *Id.* (*citing Ricoh Co., Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1340 (Fed. Cir. 2008)).  Brandywine's explanation of its vague allegations in its Response will not be considered, as the Court determines the sufficiency of an allegation by looking only to the Complaint.  *See Speaker v. U.S. Dept. of Health and Human Servs. Centers for Disease Control*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Second, Verizon argues that Brandywine's allegation that the allegedly infringing product and services "have no substantial non-infringing uses" without more, is insufficient to support a claim of contributory infringement pursuant to § 271(c).  Doc. 1, at ¶¶ 15, 27; Doc. 11, pp. 14-16.  Indeed, the product Brandywine identifies as infringing upon the patents-in-suit is the Apple iPhone 4, for which it seems unlikely that there exists no substantial non-infringing use. *Id.* at ¶¶ 12, 24; *see In re Bill of Lading*, 681 F.3d at 1338 ("[f]or purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement") (emphasis in original).  In response, Brandywine argues that its short and plain statements alleging contributory infringement are permissible under Eleventh Circuit law.  Doc. 17, p. 11.  However, because the cases Brandywine cites fail to discuss the adequacy of an allegation of no substantial non-infringing uses, this argument is unpersuasive.  *See Aspex Eyewear*, 2010 WL 2926511, * 2 (S.D. Fla. 2010) (affirming that a plaintiff must demonstrate specific intent for induced infringement, but providing no analysis about the Circuit's standard for pleading no substantial non-infringing uses); *Mesh Comm.,* 2010 WL 750337 (M.D. Fla. 2010) (sustaining plaintiff's infringement allegations without discussion of allegation of no substantial non-infringing uses).[14]

---

[14]  In addition to not providing relevant authority for the point cited, these cases predate the Supreme Court's articulation of the appropriate pleading standard for indirect infringement in *Global-Tech*, a case which the Plaintiff fails to address.

Third, Verizon maintains that the Complaint does not allege what component of the accused Apple iPhone 4 is "especially adapted" for performing patented methods. Doc. 11, pp. 14-16; *see* 35 U.S.C. § 271(c). The Court notes that Brandywine does not allege that Verizon sells anything that is "material" to an identified patented invention: it merely alleges that the accused product and services "are especially adapted to work in a system or carry out a method claimed in the [patent-in-suit], for example, by claim 1." Doc. 1, ¶¶ 15, 27. Furthermore, as Verizon notes, the Complaint appears to simultaneously call the iPhone 4 and Verizon's services the "component", as it relates to contributory infringement, and the "patented combination" as it relates to direct infringement. Doc. 11, p. 16.

In sum, Brandywine has not identified what Verizon "material or apparatus" is material to practicing an invention, has no substantial non-infringing uses, and is known "to be especially made or especially adapted for use in the infringement of such patent." 35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d at 1337. Also, Brandywine's conclusion that Verizon's accused product and services have no substantial non-infringing use, without any support, is insufficient. *See Iqbal*, 556 U.S. at 678. Finally, Brandywine has not alleged Verizon's pre-suit knowledge of the patents-in-suit, and the knowledge required for contributory infringement must occur prior to a defendant's receipt of a complaint. *Global-Tech*, 131 S. Ct. at 2068. Therefore, Brandywine's claims of contributory infringement of the '922 and '717 Patents will be dismissed.

## IV.   CONCLUSION

For the aforementioned reasons, the Court grants Verizon's Motion to Dismiss Brandywine's claims of induced infringement and contributory infringement for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Accordingly, it is hereby **ORDERED**:

20

1.  Defendant Cellco Partnership d/b/a Verizon Wireless' Motion to Dismiss Complaint, (Doc. 11) is **GRANTED in part and DENIED in part:**

    a.  Plaintiff Brandywine Communications Technologies, LLC's claims of induced and contributory infringement are dismissed for failure to state a claim upon which relief can be granted.

    b.  In all other respects, Defendant Cellco Partnership d/b/a Verizon Wireless' Motion to Dismiss Complaint is denied.

2.  Plaintiff Brandywine Communications Technologies, LLC is granted leave to file an amended complaint, which cures the deficiencies addressed in this Order, within **FOURTEEN (14) DAYS** from the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on November 5, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record